UNITED STATES DISRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| CHRISTOPHER DALE,<br><br>    Plaintiff,<br><br>v.<br><br>ADIENT US LLC,<br><br>    Defendant. | Case No.<br><br>Complaint and Jury Demand |

## INTRODUCTION

The Plaintiff, Christopher Dale, sues the Defendant, Adient US LLC, for violations of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

## PRELIMINARY STATEMENT

1. In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions or caring for others with serious medical conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4). The FMLA provides eligible employees, like Plaintiff, with unpaid, job-protected leave in order to care for relatives in the event they are suffering from a serious medical condition. 26 U.S.C. § 2612(a)(1). An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work. 29 U.S.C. § 2614(a)(1). Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA. 29 U.S.C. § 2615(a)(2).

2. Plaintiff is a former employee of Defendant who worked in Defendant's Georgetown, Kentucky facility.

3. After being approved for FMLA leave to care for his wife's serious health condition, Defendant terminated Plaintiff's employment allegedly because Plaintiff abused his FMLA leave.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and the FMLA, and has authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 et seq.

5. Venue properly lies in this judicial district under 28 U.S.C. § 1391 because Defendant does business in this judicial district.

## PARTIES

6. At all times relevant to this action, Plaintiff was a resident of Scott County, Kentucky.

7. At all times relevant, Defendant was a foreign limited liability company, which has its principal place of business in Plymouth, Michigan.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning covered under the FMLA.

10. At all times material hereto, Defendant employed more than 50 employees for each working day in each of 20 or more calendar weeks within a 75-mile radius of the location where Plaintiff worked.

11. Defendant is engaged in interstate commerce.

12. Defendant was at all times required to comply with the Family Medical Leave Act.

13. Plaintiff was and continues to be a caregiver of his wife with a serious medical condition as defined by the FMLA.

14. Specifically, Plaintiff's wife suffered from a condition that is a serious medical condition under the FMLA.

15. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

16. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, because Plaintiff validly exercised his rights pursuant to the FMLA and Defendant interfered with Plaintiff's right to take FMLA leave, failed to properly account for his FMLA leave, and discriminated and retaliated against Plaintiff because he took FMLA leave to care for his wife with a serious health condition.

17. Plaintiff began working for Defendant in July 2017.

18. On September 5, 2019, Plaintiff took FMLA leave to care for his wife, who suffers from a serious health condition.

19. This included administering medication to his wife, which then needed time to take effect.

20.     Plaintiff's wife, who could not drive due to the medication Plaintiff administered to her and which she takes due to her serious health condition, asked Plaintiff to drive her to Lowe's.

21.     Plaintiff did, assuring that his wife would arrive safely and so that in the highly likely instance that she needed assistance, Plaintiff was there to provide it.

22.     On September 6, 2019, the Company's human resources department demanded additional paperwork from Plaintiff relating to his care for his wife.

23.     Three days later, however, the Company suspended Plaintiff, without pay, to investigate the Company's suspected abuse of his leave.

24.     On September 10, 2019, the Company terminated Plaintiff's employment based on the unfounded accusation that Plaintiff abused his FMLA leave when he was caring for his wife's serious medical condition.

25.     It did so without review of the information it requested from Mrs. Dale's neurosurgeon or otherwise conducting a thorough investigation.

26.     Defendant interfered with Plaintiff's right to family medical leave in violation of the FMLA, despite the fact that Plaintiff was eligible or would be eligible for such leave at the time the leave was needed.

27.     Defendant retaliated against Plaintiff for requesting time off to care for his wife, who suffers from severe nerve damage in her lower spine, and required Plaintiff's assistance to care for her serious medical condition.

28.     Defendant engaged in unlawful violations by suspending Plaintiff's employment based on unfounded accusations that Plaintiff was abusing his FMLA leave.

29.     Defendant's reason for Plaintiff's termination was pretextual.

30. Defendant terminated Plaintiff in violation of his rights under the FMLA.

31. Defendant fired Plaintiff, in whole or in part, because of his request for qualified leave.

32. Defendant knew that Plaintiff's wife was suffering from a serious health condition at the time of Plaintiff's termination.

## COUNT I –FMLA INTERFERENCE

33. Plaintiff reincorporates paragraphs 1 through 32 as if fully stated herein.

34. At all times relevant, Plaintiff was qualified for leave to care for his spouse suffering from a serious health condition.

35. Defendant's termination of Plaintiff prior to the expiration of his covered leave constitutes interference with Plaintiff's rights under the FMLA.

36. Defendants' failure to reinstate Plaintiff to the same or similar position constitutes interference with Plaintiff's rights under the FMLA.

37. Defendants' failure to reinstate Plaintiff to the same or similar position constitutes interference with Plaintiff's rights under the FMLA.

38. Defendant's termination of Plaintiff because it knew Plaintiff would likely seek FMLA-covered leave in the future as a result of Plaintiff's need to care for his wife constitutes interference with Plaintiff's rights under the FMLA.

39. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

40. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

41. Defendant's violations of the FMLA were willful.

42. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

## COUNT II – FMLA RETALIATION

43. Plaintiff re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. Defendant discriminated and/or retaliated against Plaintiff because he exercised his rights under the FMLA or attempted to exercise his rights under the FMLA.

45. Defendant discriminated and/or retaliated against Plaintiff because he was likely to exercise his rights under the FMLA in the future.

46. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

47. Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

48. Defendants' discriminatory acts and omissions occurred, at least in part, because of Plaintiff took FMLA-covered leave.

49. Defendants' conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

50. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

51. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

52. Defendant's violations of the FMLA were willful.

53. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant for violation of the FMLA; an award of damages, including but not limited to back pay, front pay, liquidated damages, attorneys' fees and costs and all other relief available under the FMLA; declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and all other just and proper relief in the premises.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: December 11, 2019

Respectfully submitted,

/s/ *Adrian Mendiondo*
Adrian Mendiondo
Morgan & Morgan
333 W Vine St., Ste 1200
Lexington, KY 40507
Tel: (859) 469-7954
Fax: (859) 899-9765
Email: amendiondo@forthepeople.com

*Counsel for Plaintiff*